UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SUSANNA MANUKYAN, | Case No.2:23-CV-1736  JCM (BNW) |
| Plaintiff(s), | |
| v. | ORDER |
| ALBERTSON'S, LLC dba Albertson's #332, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Susanna Manukyan's motion to remand.  (ECF No. 15).  Defendant Albertson's, LLC filed a response (ECF No. 27), to which Manukyan replied (ECF No. 28).  For the reasons stated below, the court grants Manukyan's motion and remands this case back to state court.

I.   **Background**

This is a negligence action.  Albertson's removed this case to federal court from the Eighth Judicial District Court of Nevada on diversity jurisdiction.  (ECF No. 1).  The allegations from the complaint are as follows.

Manukyan purchased a bottle of lemon juice from an Albertson's store and used it in her tea.  (ECF No. 1-1, at 5-6).  Shortly thereafter, she became ill.  (*Id.* at 6).  Her son, after experiencing similar symptoms, cut open the bottle of lemon juice and discovered a foreign substance inside.  (*Id.*).  Manukyan received medical treatment for her symptoms, which included nausea, vomiting, headache, dizziness, stomach pain, diarrhea, and itchy skin.  (*Id.* at 7).  Manukyan claims $30,309.40 in medical expenses.  (*Id.* at 35).  She also alleges pain and suffering and requests punitive damages.  (*Id.* at 10).

## II.      Legal Standard

Federal courts are courts of "limited jurisdiction."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citations omitted).  Although plaintiffs are generally entitled to deference in their choice of forum, a defendant may remove a case originally filed in state court to federal court if "the district courts of the United States" would have original jurisdiction over it.  *Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 949–50 (9th Cir. 2017); 28 U.S.C. § 1441(a).  Relevant to this motion, original jurisdiction includes diversity jurisdiction, which requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).

Once an action is removed to federal court, a plaintiff may challenge removal by filing a motion to remand. 28 U.S.C. § 1447(c).  The removing defendant must overcome the "strong presumption against removal" and has the burden of proving diversity jurisdiction.  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (per curiam));  *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016).  Due to this strong presumption against removal jurisdiction, the court resolves all ambiguity in favor of remand to state court.  *Id.*

When determining the amount in controversy, the court looks to the complaint and "the sum claimed by the plaintiff controls if the claim is apparently made in good faith."  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).  The $75,000 threshold is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement.  *See id.* at 288–89; *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986).  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

But where, as here, removal jurisdiction is challenged by the plaintiff, evidence establishing the amount in controversy is required.  *Id.* at 88–89.  In such cases, "[b]oth sides must have an opportunity to 'submit proof,'" but the defendant carries the burden of establishing that the amount-in-controversy requirement "is met by a preponderance of the evidence."  *Moe v.*

1    *GEICO Indem. Co.*, 73 F.4th 757, 762 (9th Cir. 2023) (*citing Dart Cherokee*, 574 U.S. at 88–89).

2    The defendant also bears the burden of showing that "its estimated amount in controversy relied

3    on reasonable assumptions." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015).

4         The court may consider "facts presented in the removal petition as well as any 'summary-

5    judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson*

6    *v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State*

7    *Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).   The defendant cannot satisfy its

8    burden with conclusory allegations.   *Id.* at 1090 (citation omitted).

9    **III.   Discussion**

10        The parties do not dispute that the diversity of citizenship requirement is satisfied but argue

11   over whether the amount in controversy exceeds $75,000.   As Manukyan claims $30,309.40 in

12   medical expenses, Albertson's must still account for an amount in excess of $44,690.60.

13   Albertson's argues that this court has jurisdiction because, if Manukyan prevails, "it is very likely

14   that a Clark County jury" would award her general damages two-and-a-half times greater than her

15   requested special damages.   (ECF No. 27, at 2).   Albertson's also argues that punitive damages are

16   authorized by statute up to $300,000.   (*Id.* at 3).   Manukyan counters that Albertson's has not met

17   its burden in opposing remand and that its arguments are "speculative and conclusory."   (ECF No.

18   28, at 4).   The court agrees with Manukyan.

19        The amount in controversy is the "maximum recovery the plaintiff could reasonably

20   recover."  *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019).   Thus, punitive

21   damages and general damages may be considered part of the amount in controversy if properly

22   pleaded.  *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established

23   that punitive damages are part of the amount in controversy in a civil action." (citation omitted)).

24        Albertson's first argument regarding the likelihood that Manukyan will receive general

25   damages (such as for pain and suffering) in addition to special damages is supported by neither

26   fact nor law.   Albertson's asserts, with no supporting legal authority, that "it is well known that

27   Clark County juries are generous" and that an award in excess of $44,690.60 is "well within

28   probably verdict ranges in Las Vegas."   (ECF No. 27, at 3).   But Albertson's provides the court

1   with no sample jury verdicts. It also fails to provide the court with evidence—or even an

2   explanation—for why the facts of *this* case support an award of special damages in excess of

3   $44,690.60. Its averments are wholly speculative.

4         To include punitive damages in the amount in controversy, "the party asserting jurisdiction

5   must establish that punitive damages would be permitted under the applicable state law based on

6   the conduct alleged." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*,

7   No. MDL 2672 CRB (JSC), 2019 WL 1501577, at *4 (N.D. Cal. Apr. 5, 2019). Then, the party

8   seeking jurisdiction must demonstrate the *amount* of punitive damages in controversy, which may

9   be established by "evidence of jury verdicts in cases involving analogous facts." *Surber v.*

10   *Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000).

11         Albertson's argues that, as Nevada authorizes punitive damages up to $300,000 when

12   compensatory damages are less than $100,000, "a jury verdict incorporating special, general, and

13   punitive damages [in this case] would total approximately $175,000." (ECF No. 27, at 3).

14   Albertson's does not explain how it arrived at this number, or how the specific facts of this case

15   entitle Manukyan to punitive damages. Albertson's averments are, again, wholly speculative and

16   unsupported by fact or law. In sum, Albertson's has provided the court with no evidence to support

17   a finding of diversity jurisdiction. *E.g.*, *Gaus*, 980 F.2d at 567 (explaining that a defendant's

18   conclusory allegations are insufficient to overcome the presumption against removal or to meet

19   the defendant's burden of supporting its removal petition with specific facts); *Soriano v. USAA*

20   *Ins. Agency, Inc.*, No. 3:09-CV-661-RCJ-RAM, 2010 WL 2609045, at *3 (D. Nev. June 24, 2010)

21   ("The mere possibility that Plaintiff may recover punitive damages in excess of $75,000 is not

22   enough to satisfy Defendant's burden.").

23   **IV.**   **Conclusion**

24         Accordingly,

25         IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff Susanna

26   Manukyan's motion to remand (ECF No. 15) be, and the same hereby is, GRANTED.

27         IT IS FURTHER ORDERED that the pending motion to dismiss (ECF No. 10) be, and the

28   same hereby is, denied WITHOUT prejudice.

IT IS FURTHER ORDERED that the motion for leave to file an amended complaint (ECF No. 35) be, and the same hereby is, denied WITHOUT prejudice.

IT IS FURTHER ORDERED that this matter be REMANDED to the Eighth Judicial District Court, Clark County, Nevada, Case No. A-23-876524-C.

The clerk of the court is INSTRUCTED to close this case.

DATED May 24, 2024.

_____
UNITED STATES DISTRICT JUDGE