UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SUSANNA MANUKYAN, individually and as assignee of Albertson's LLC and T&M Imports, LLC.,

Plaintiffs,

v.

COLAVITA USA, LLC,

Defendant.

Case No. 2:23-cv-01736-JCM-BNW

**ORDER**

Presently before the court is plaintiff Susanna Manukyan's second motion to remand the case to state court.  (ECF No. 43).  No response was filed.

Also before the court is defendant Colavita USA, LLC's motion to reopen the case.  (ECF No. 40).  Plaintiff filed a response. (ECF No. 42).

**I.    Background**

Plaintiff filed this negligence action on August 24, 2023, in the Eighth Judicial District Court of Clark County, Nevada against defendants Albertson's LLC, T&M Imports, LLC, and Colavita USA, LLC.  (ECF No. 1).  Defendant Albertson's LLC removed to federal court for diversity jurisdiction, (*id.*), and plaintiff thereafter moved to remand the case to state court on the basis that the amount in controversy requirement was not met.  (ECF No. 15).

On May 24, 2024, the court granted plaintiff's motion to remand, finding that defendant Albertson's had not met its burden to show that the amount in controversy is greater than $75,000. (ECF No. 38).  The court remanded the case to state court, and the clerk closed this case.

Now, more than two years later, the state court case has progressed to its final stages. Plaintiff has settled with Albertson's and T&M imports, and Colavita is the remaining defendant in this case.  (ECF No. 40 at 2).  Plaintiff has filed a motion for partial summary judgment on past medical expenses and a motion for summary judgment on assigned indemnity claims.  (*Id.*). Hearings were set for June 23, 2026.  (*Id.*).

1

However, defendant Colavita filed a motion in this case on June 3, 2026, requesting that the district court reopen this case because plaintiff disclosed additional damages in a supplemental NRCP 16.1(a) disclosure statement that defendant believes pushes the amount in controversy past the $75,000 threshold. (ECF No. 40) (motion); (ECF No. 41) (statement regarding removal). Plaintiff filed a response and a motion to remand, which went unopposed.

## II.    Legal Standard

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

For diversity jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1098 (9th Cir. 2003). The amount in controversy is the "maximum recovery the plaintiff could reasonably recover" and is determined at the time of removal. *Arias v. Residence Inn by Mariott*, 936 F.3d 920, 927 (9th Cir. 2019); *McCaa v. Mass. Mutual Life Ins. Co.*, 330 F.Supp.2d 1143, 1147 (D. Nev. 2004) (citing *Certain Underwriters of Lloyd's London v. Argonaut Ins. Co.*, 264 F.Supp.2d 926, 932 (N.D. Cal. 2003); *Meritcare, Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217–18 (3d Cir. 1999)).

To remove a case from state to federal court, a defendant must file a notice of removal in the appropriate district court and give notice to the adverse parties and state court. 28 U.S.C. § 1441(a), (d). The notice shall contain "a short and plain statement of the grounds for removal" and a "copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.*

at § 1441(a).  Filing of a copy of the notice of removal in state court "effect[s] the removal and the State court shall proceed no further unless and until the case is remanded."  *Id.* § 1441(d).

**III.    Discussion**

The court may grant plaintiff's motion to remand simply because defendant failed to oppose it.  *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion ... constitutes a consent to the granting of the motion.").  Additionally, defendant's failure to provide authorities in support of its motion to reopen constitutes consent to denial of the motion.  *See id.* ("The failure of moving party to file points *and authorities* in support of the motion constitutes a consent to a denial of the motion.") (emphasis added).  There is also grounds to rule in plaintiff's favor on both motions because the motion to reopen is procedurally improper and any attempt to properly file a notice of removal would be untimely.

Defendant's motion to reopen the case is procedurally improper.  The case was remanded under § 1447(c) and closed on May 24, 2024.  (ECF No. 37 at 2, 4).

In the motion, defendant contends that the amount in controversy is met because plaintiff disclosed supplemental damages in the amount of $89,050.59.  (ECF No. 40 at 2).  The relief sought by the motion—to remove the remainder of the action to this court—is appropriately brought through a notice of removal.  Removals—even successive removals—require opening a new federal civil case.  *See D. L. v. Vassilev*, 858 F.3d 1242, 1246 (9th Cir. 2017) (noting that the second removal was not a continuation of the first and "actually constituted a new federal case, with a new case number and a new docket in the federal district court."); *Adakai v. Wal-Mart Stores, Inc.*, No. 2:11-cv-749, 2011 U.S. Dist. LEXIS 69780, at *3 (D. Nev. June 29, 2011) (explaining that after remand, defendant filed a second petition for removal);[1] *Sercu v. Laboratory Corporation of America*, No. 3:09-cv-00619-LRH-WGC (ECF No. 1) (docketing notice that second petition for removal was erroneously filed in 3:09-cv-044-RCJ, and "[f]ilings received after the closing of [that] case should be contained in a new civil action"); *see generally* §§ 1441(a),(b), 1446.  Accordingly, to obtain the relief that the motion seeks, the appropriate course of action would have been for defendant to open a new case and file an appropriate notice of removal therein.

---

[1] The second petition for removal was filed in a new separate case.

Although the court has the power to instruct the clerk to create a new docket for this case and permit the defendant to refile the motion as a notice of removal, thereby amending its error, doing so would be futile. An immovable hurdle stands in defendant's way of success: timeliness.

Defendant contends that removal is timely because plaintiff disclosed additional damages on May 4, 2026, and it filed the motion to reopen on June 30, 2026. (ECF No. 40 at 2). When a case is not initially removable, a notice of removal is timely when filed 30 days after the defendant receives "other paper from which it may be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). But defendant did not file a notice of removal—it filed a motion to reopen the case.

Even if the court were to overlook this error and accept the motion or reopen or the statement regarding removal as satisfying § 1446(b)(3), removal is still untimely under § 1446(c)(1). Under § 1446(c)(1),

> A case *may not be removed under subsection (b)(3)* on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

§ 1446(c)(1) (emphasis added).

It has been more than two years since commencement of this action, (ECF No. 1), and defendant does not argue that plaintiff has acted in bad faith. Therefore, removal was not procedurally effected and would not be proper even if it was.[2]

**IV.    Conclusion**

Accordingly, IT IS HEREBY ORDERED that defendant Colavita's motion to reopen case (ECF No. 40) be, and the same hereby is, DENIED.

To some degree, granting plaintiff Susanna Manukyan's motion to remand would conflict with the court's ruling that the case has not procedurally been removed and cannot timely be

---

[2]    Plaintiff also directs the court's attention to case law concerning the general rule that "[a]fter a remand, a defendant may not remove a case a second time." The court notes that it was Albertson's, not Colavita, that filed the removal petition. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 789 (2018) (citing *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015); *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991). The court need not decide whether Colavita is barred from removing the case unless there are "new and different grounds for removal," as the answer does not affect the outcome of this order. *See Kirkbride*, 933 F.2d at 732 (quoting *FDIC v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir. 1979) (emphasis omitted)).

removed.  *See* 28 U.S.C. § 1446(a) and (b)(3).  However, out of an abundance of caution, the court finds it necessary to GRANT the motion to remand (ECF No. 43) to the limited extent that it clarifies to the parties and the Eighth Judicial District Court of Clark County that the state court action may proceed without delay.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is DENIED AS MOOT.  (ECF No. 45).  This denial shall have no prejudicial effect on plaintiff's summary judgment motions, if any, in state court.

Plaintiff may file a separate motion for attorney's fees and costs within 21 days of this order, pertaining only to the motions addressed therein.

Dated this 2nd day of July, 2026.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE